## The People v. Charles Wilson.

*Larceny: Possession of stolen articles: Evidence: Charge to the jury.* The charge to the jury in this case, which instructed them in substance that they might consider the fact that the stolen article was found, within a short time after it was missed, in the defendant's possession, coupled with the fact that he was in a situation to enable him to steal it, and that he made no explanations to account for his possession as an honest one, as evidence of his guilt, but which expressly stated that the explanations referred to were not explanations by way of statement, is held not open to the objection that it left the jury to presume against the defendant because he elected not to make a statement on the trial to explain how he got possession ; the whole tenor of the charge given refutes any such construction.

*Submitted on briefs October 27.    Decided October 30.*

Exceptions from Recorder's Court of Detroit.

*Isaac Marston, Attorney General,* for the People.

*H. H. Saunders, Alfred E. Hawes* and *Chipman & Dewey,* for respondent.

GRAVES, CH. J.

The defendant Wilson was convicted in the recorder's court of Detroit on an information against him and Henry Foster for stealing a gold medal belonging to William I. Mason.

Evidence was given tending to prove that the medal was kept in Lang & Co.'s store; that it was seen lying

upon a table there between twelve and one o'clock on the fifth of February; that the defendant was at or near the table, and in the course of some two minutes was gone, and that between three and four o'clock the same afternoon the medal was missed. We gather from the record that the evidence further tended to show that in the course of some three hours the medal was noticed in the defendant's pocket, and that on reaching the police station, after his arrest, it had disappeared from his person, and was subsequently found in a building to which the defendant was first taken after his arrest and before his removal to the police station. The defendant neither made a statement nor offered other evidence. The case comes up on exceptions, and the only objection now urged to the proceedings is based on the charge. The recorder, among other instructions to the jury, said: "The only evidence that tends to prove that he committed the larceny is, that it is claimed that it is proven that the property was seen in his possession some three hours after the larceny must have been committed. Of course that is evidence to be weighed by the jury. If you have a package taken out of your store, and a couple of hours afterwards find it in a man's pocket, and he does not give any account where he got it, inasmuch as the package could not have moved itself, it is evidence to go to the jury, when the man does not give any account as to where he got it, and has an opportunity to give an account, from which they can infer, if they see fit, that the man committed the larceny;" and further on, after alluding to the evidence bearing on the question whether the defendant shifted the medal from his pocket, the recorder returned to this part of the case, and added: "If you believe this package" [referring to that found in the building, and which was fully identified as the stolen medal] "was the package in this man's possession, it is a mere inference for you to draw, that he stole it. You are to be satisfied beyond a reasonable doubt that the package was in his pocket; there is no guess work about it, but you are to exercise the ordi-

nary judgment of reasonable men; you must be satisfied beyond a reasonable doubt that the package was then in his pocket. If you are satisfied of that, *it is for you to say* whether the package which was missed from Lang & Co.'s between twelve and one o'clock, and was seen three hours afterwards or less in this man's pocket, was *stolen by* him. If it was in Lang & Co.'s shop, it could not have conveyed itself into this man's pocket. If it was that package, he does not tell us how it came there, and does not explain it when it is in his power to explain, *I do not mean by way of statement here, but in any other way, it is a circumstance for you to consider,* and it is for you to say whether he is guilty."

The counsel for defendant then interposed and suggested to the recorder that he had not adverted to the doubt whether the package seen in the defendant's pocket contained such a thing as the medal, and had not alluded to the circumstance that there were others present having equal opportunity with the defendant to place the medal where it was found. The judge then proceeded : " There is no evidence that this man was there, except the testimony of Mr. Berger. I do not myself put much confidence in that. I do not regard that of any particular importance. The *principal point is, that this package* was in his pocket. If it was there, there is no evidence that any one else had any such package in his pocket, that I am aware of. It appears that Lang & Co. had this champion badge there. Of course it was a curiosity, and a great many people were going into Lang & Co.'s to see it, and a great many people might have taken it. The *only evidence that tends, in my judgment,* to connect the defendant with it is this fact that is testified to, *if you believe it is a fact,* that the package was found in his pocket. If you are not satisfied beyond a reasonable doubt, there is no evidence to convict him. Unless you are satisfied beyond a reasonable doubt that this champion medal was in his pocket, then, in my judgment, you would not be justified in convicting the defendant;

but if you are satisfied it was in his pocket, it is for you to say whether *it was stolen or not, or how it got there*; he has given no explanation of it."

Every part of the charge bearing on the ground of objection is given in these extracts, and the complaint is, not that the jury were instructed in substance that if they believed the evidence, the very recent possession of the stolen property by the defendant, coupled with the fact that he was in a situation to enable him to steal it, that the circumstances did not explain how he came in possession by any honest course, and that he was in position to bring evidence to furnish some account of his possession, if it was an honest one, it would be admissible on his failure to afford any such explanation to infer that he obtained possession by the theft. But the objection is, that the charge left the jury to presume against the defendant because he did not elect to make a statement to explain how he got possession.

This idea, I think, was sufficiently guarded against by the charge. The recorder not only told the jury that, in speaking of explanations, he did not refer to explanations by way of statement, but in other ways, and the whole tenor of the charge on this part of the case shows that explanation by way of statement was not intended, and we think it is plain that the jury could not have misunderstood the judge's meaning.

There is no error.

It must be certified that the exception is overruled, and that the court should proceed to judgment.

The other Justices concurred.